NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN J. KEOGH, PETITIONER, v. CENTRAL RAILROAD OF NEW JERSEY, RESPONDENT.

For the petitioner, *John J. Meehan.*

For the respondent, *William F. Hanlon.*

\*     \*     \*     \*     \*     \*     \*

Thereupon the said deputy commissioner, the Honorable Charles E. Corbin, found and determined as follows:

Petitioner was a deck-hand in the employment of the respondent and was so employed as a deck-hand on the ferry-boat "Lakewood." The accident to the petitioner occurred at the Jersey City terminal entrance to ferry slip of the respondent railroad company. At such time the petitioner was walking to his boat, the aforesaid ferryboat "Lakewood," for the purpose of assuming his regular daily duties as deck-hand. The petitioner received the injuries in question, viz., fracture of the left ankle, by falling to the ground.

The petitioner's duties in connection with said ferryboat were to see that boat was properly fastened to pier on its entry from either Jersey City or New York side, and various other duties performed by all said deck-hands.

The ferryboat "Lakewood," on which petitioner was about to work, ran between Jersey City and New York, carrying passengers who would either board a train for points west at Jersey City, or having been discharged from trains at

Jersey City would continue on their way to New York by way of said ferryboat "Lakewood."

From the foregoing set of facts, I find that at the time of the accident the respondent was engaged in interstate commerce.

The fact that the petitioner had not yet actually reached his boat is immaterial. At the time of the accident he was already in the ferry shed of the respondent on his way to his boat which he would board from said ferry shed. In this connection, therefore, the instant case is controlled by *Erie Railroad Co.* v. *Winfield,* 244 *U. S.* 170 (at *p.* 173), wherein the United States Supreme Court said, *inter alia:*

"In leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment. See *North Carolina Railroad Co.* v. *Zachary,* 232 *U. S.* 248, 260. Like his trip through the yard to his engine in the morning, it was a necessary incident of his day's work and partook of the character of that work as a whole, for it was no more an incident of one part than of another. His day's work was in both interstate and intrastate commerce, and so when he was leaving the yard at the time of the injury his employment was in both. That he was employed in interstate commerce is therefore plain, and that his employment also extended to intrastate commerce is for present purposes of no importance." See, also, *Lutes* v. *The Central Railroad Company of New Jersey,* 3 *N. J. Mis. R.* 795, wherein the facts were as follows: Petitioner's decedent was on his way to work as a brakeman on a train of the respondent. The train upon which he was to work was engaged in both interstate and intrastate commerce. At the time of the accident, decedent was in the yard of the respondent on his way to his train when he was killed. In this case decided by me it was held that the case of *Erie Railroad Co.* v. *Winfield, supra,* controlled, and I feel that the two foregoing cases control the present one.

Since the petitioner was engaged in interstate commerce at the time he met with his injury, the provisions of the New Jersey Workmen's Compensation act can have no application,

and the workmen's compensation bureau has no jurisdiction. *Rounsaville* v. *The Central Railroad Company of New Jersey,* 90 *N. J. L.* 176; *New York Central Railroad Co.* v. *Winfield,* 244 *U. S.* 147.

\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*